**Lawrence ADKINS, Plaintiff,**

v.

**PALM HARBOR HOMES, INC., Defendant.**

**CIV. A. No. 00–A–1712–E.**

United States District Court, M.D. Alabama, Eastern Division.

Aug. 22, 2001.

James E. Hall, Phenix City, AL, for Plaintiffs.

Lee M. Hollis, Anne Sikes Hornsby, Birmingham, AL, for Defendants.

## MEMORANDUM OPINION AND ORDER

ALBRITTON, Chief Judge.

## I. INTRODUCTION

This cause is before the court on a Renewed Motion to Compel Arbitration filed by the Defendant, Palm Harbor Homes, Inc. on June 28, 2001.

The Plaintiff, Lawrence E. Adkins ("Adkins"), originally filed his Complaint in this case on September 25, 2000. Adkins brings claims against Palm Harbor Homes, Inc. for breach of the implied warranty of merchantability (Count I), breach of express warranty (Count II), negligent or wanton manufacture of a mobile home (Count III), and violation of the Magnuson–Moss Warranty Act (Count IV).

For the reasons which follow, the motion to compel arbitration is due to be GRANTED in part and DENIED in part.

## II. STANDARD FOR A MOTION TO COMPEL ARBITRATION

Pursuant to the Federal Arbitration Act, a written arbitration "provision in any ... contract evidencing a transaction involving commerce ... [is] valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 4 of the FAA allows a "party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement" to petition the court "for an order directing that such arbitration proceed." 9 U.S.C. § 4. When a court is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue," the court is required to "make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." Id.

## III. FACTS

The submissions of the parties establish the following facts:

Adkins purchased a mobile home from Palm Harbor Village in Columbus, Georgia. Palm Harbor Village is owned by Palm Harbor Homes, Inc. ("Palm Harbor"), the manufacturer of the mobile home purchased in this case. When Adkins purchased the mobile home, he signed a sales contract and an arbitration agreement. The arbitration agreement within the sales contract states that it inures to the benefit of the manufacturer. Plaintiff's Exhibit A. The separate arbitration agreement states that it inures to the benefit of Palm Harbor Homes, Inc. Defendant's Exhibit A. Both arbitration agreements refer to claims made under express warranties. Palm Harbor asks this court to compel arbitration of Adkins' claims, including his claims based on the written warranty provided by Palm Harbor. The written warranty provided by Palm Harbor, however, does not reference the arbitration agreement.

## IV. DISCUSSION

In this case, Adkins does not dispute that the transaction at issue involves inter-

state commerce. Adkins further does not raise any argument that his claims for breach of the implied warranty of merchantability or for negligent or wanton manufacture are not due to be arbitrated under the arbitration agreement at issue in this case, nor does Adkins dispute that, to the extent that his claim in Count II includes oral warranties, those claims are due to be arbitrated. *See Richardson v. Palm Harbor Homes, Inc.,* 254 F.3d 1321, 1327 (11th Cir.2001)(oral express warranties can be arbitrated). Adkins does dispute, however, that his claims for breach of express written warranties are subject to arbitration.

The Eleventh Circuit has recently addressed arbitration of written express warranty claims in a similar situation. In *Cunningham v. Fleetwood Homes of Georgia, Inc.,* 253 F.3d 611 (11th Cir.2001), plaintiffs purchased a mobile home from Ronnie Smith's Home Center, Inc., and as part of the sales contract executed an arbitration agreement with Ronnie Smith's Home Center, Inc. The arbitration agreement stated that it inured "to the benefit of the manufacturer ... insofar as any claims may exist or thereafter arise against the manufacturer, including but not limited to, enforcement of the warranties, whether express or implied." *Id.* at 613, n. 1. Fleetwood was the manufacturer of the mobile home and provided a manufacturer's written warranty. As a third-party beneficiary of the arbitration agreement, Fleetwood sought to compel arbitration of all claims brought against it by Cunningham, including a claim under the Magnuson–Moss Warranty Act for breach of an express written warranty. Although the district court determined that Fleetwood was a third-party beneficiary of the arbitration agreement, the district court declined to require arbitration of the Magnuson–Moss Warranty Act claim.

In ruling on the issue of whether the plaintiffs' written warranty claims under the Magnuson–Moss Warranty Act could be compelled to be submitted to binding arbitration, the Eleventh Circuit first examined the text and legislative history of the Act and determined that arbitration of express warranty claims is not necessarily precluded in every case. *See id.* at 620. The court also concluded, however, that certain provisions of the act, including the requirements that terms of the warranty be included in the language of the warranty itself, and that the warranty must consist of a single, understandable document, meant that the claims asserted in that case could not be compelled to be arbitrated. *Id.* Under the facts of *Cunningham,* the Eleventh Circuit concluded that Fleetwood's use of its third-party beneficiary status to compel arbitration where it had failed to disclose in the warranty a term or condition requiring arbitration contravened the act. *Id.* at 622. The Eleventh Circuit stated, "[c]ompelling arbitration on the basis of an arbitration agreement that is not referenced in the warranty presents an inherent conflict with the Act's purpose of providing clear and concise warranties to consumers." *Id.* The court stated that

> Because we conclude that Fleetwood's failure to disclose in the warranty a term or clause requiring the Cunninghams to utilize an informal dispute resolution mechanism runs afoul of the disclosure requirements of the Magnuson–Moss Warranty Act, we affirm the district court's order declining to compel arbitration of the written or express warranty claims.

*Id.* at 624.

In this case, Adkins argues that *Cunningham* is dispositive and dictates that arbitration not be compelled as to his ex-

press written warranty claims. Palm Harbor, on the other hand, argues that *Cunningham* can be distinguished, because in *Cunningham* the manufacturer conditioned the warranty on the arbitration agreement. In the instant case, according to Palm Harbor, the warranty was not conditioned on the arbitration agreement because consumers received the warranty regardless of whether they agreed to the arbitration provision, and so the arbitration provision was not a term of the warranty. Accordingly, Palm Harbor argues that Adkins' express warranty claims may be arbitrated. This court finds *Cunningham* to be dispositive and to defeat Palm Harbor's attempt to compel binding arbitration of the Magnuson–Moss Warranty Act claim in this case.

The distinction that Palm Harbor attempts to draw between this case and *Cunningham* can only be drawn if one places inappropriate emphasis on particular language in the *Cunningham* opinion. The *Cunningham* court did, as Palm Harbor points out, state that "[a]llowing Fleetwood to condition the warranty by invoking an arbitration agreement executed by the buyer and the seller confounds this purpose in that consumers confronted with warranties that do not contain arbitration clauses that are nonetheless subject to arbitration will have no basis for judging the suitability of the warranty." *Id.* at 623. The word "condition" does not, however, within the context of the *Cunningham* opinion, bear the significance attributed to it by Palm Harbor. Fleetwood's use of the arbitration agreement to require arbitration of the warranty claims effectively caused arbitration to be a condition of enforcement of the warranty. The word "condition" is, therefore, synonymous with "term." This meaning of the word "condition" is made clear when the Eleventh

Circuit states that Fleetwood improperly failed to disclose in the warranty a "term or clause requiring the Cunninghams to utilize an informal dispute resolution mechanism ..." *Id.* at 624.

In this case, although warranties were apparently issued regardless of whether customers agreed to arbitration, Palm Harbor has also sought to use the arbitration agreement entered into by Adkins to require arbitration of the warranty claims, effectively causing arbitration to be a term of the warranty. In other words, in cases where the customer agrees to arbitration in a separate document, once Palm Harbor seeks to use its third-party beneficiary status under the arbitration agreement to compel arbitration of express warranty claims, arbitration becomes a term of the warranty.

As earlier stated, the Eleventh Circuit explained in *Cunningham* that the Magnuson–Moss Warranty Act requires that an entity issuing a written warranty must disclose in a single document all relevant terms of the warranty. *Id.* at 622. The concern is that a consumer must have before him or her all of the terms which are relevant to the written warranty in order to judge the "suitability of a warranty." *Id.* at 623. Disclosure must be made "at the time the consumer receives the warranty in order to effectuate the concerns of Magnuson–Moss, and permitting warrantors to compel arbitration through a third party contractual arrangement that allows them to evade the substantive obligations imposed by the Act eviscerates Magnuson–Moss's core provisions." *Id.*

In the instant case, therefore, the failure to include all of the relevant terms of the warranty, including that the warranty must be enforced through binding arbitration if an arbitration agreement is entered

into at the time of purchase, is violative of the purpose, text, and legislative history of the Magnuson–Moss Act, as interpreted by the Eleventh Circuit. *See id.* at 622. Accordingly, this court must conclude that, under the circumstances of the arrangement in this case, which are the same in all material respects as the arrangement in *Cunningham,* Adkins cannot be compelled to arbitrate his written express warranty claims which are brought as a statutory cause of action under the Magnuson–Moss Warranty Act.

Palm Harbor also argues that it could not accomplish what the Eleventh Circuit apparently requires because the warranties it issues are pre-printed, and so would have been printed before the terms of an arbitration agreement, if any, were agreed to by the parties. The Eleventh Circuit, however, merely stated that the deficiency in *Cunningham* was a failure to refer to the arbitration provision. *Id.* at 624 (requiring a "reference to binding arbitration" and pointing to Fleetwood's failure to "disclose in the warranty a term or clause requiring the Cunninghams to utilize an informal dispute resolution mechanism .... "); *see also id.* at 622 ("[c]ompelling arbitration on the basis of an arbitration agreement that is not referenced in the warranty presents an inherent conflict with the Act's purpose of providing clear and concise warranties to consumers."). Without attempting to decide the sufficiency or propriety of language to be included in the warranty, since those issues are not before this court,[1] it appears to this court that a reference to an arbitration agreement might be stated in terms of the contingency of an arbitration agreement,

such as "subject to any arbitration agreement that might be entered into at the time of sale," and could be stated in general terms, avoiding the necessity of knowing at the time the warranty is printed the specific terms of the arbitration provision. *Cf. id.* at 621 (quoting 16 C.F.R. § 703.2(b)(1) and describing the FTC disclosure requirements for informal dispute settlement mechanism as including "clearly and conspicuously at least the following information: ... [a] statement of the availability of the informal dispute settlement mechanism."). Consequently, the court finds this argument by Palm Harbor to be unavailing.

Accordingly, the Renewed Motion to Compel is due to be DENIED as to Adkins' Magnuson–Moss Warranty Act express warranty claims.

## V. CONCLUSION

For the reasons stated above, Palm Harbor's Renewed Motion to Compel (Doc. # 10) is due to be and is hereby ORDERED GRANTED in part and DENIED in part as follows:

1. Palm Harbor's Renewed Motion to Compel is GRANTED with respect to Adkins' claims in Counts I, II, and III for breach of implied warranty of merchantability, for breach of an oral express warranty, breach of written express warranty under state law, and for negligent or wanton manufacture.

2. Palm Harbor's Renewed Motion to Compel is DENIED with respect to Adkins' claims in Count IV for breach of written express warranty under the Magnuson–Moss Warranty Act.

---

**1.** In *Cunningham* the Eleventh Circuit stated that it was not necessary in the context of the case for the court to determine whether war-

rantors may include binding arbitration provisions in the warranty itself. *Cunningham,* 253 F.3d at 624.

3. Pursuant to 9 U.S.C. § 3, the court STAYS all proceedings on Adkins' claims for breach of implied warranty, breach of oral express warranty, breach of written express warranty under state law, and negligent or wanton manufacture pending arbitration in accordance with the terms of the arbitration agreement.

4. This case will proceed on the Adkins' claims for breach of written express warranty under the Magnuson–Moss Warranty Act.