819 So.2d 461 (2002)
Thomas R. HOWELL
v.
CAPPAERT MANUFACTURED HOUSING, INC., et al.
No. 2002-0165.
Court of Appeal of Louisiana, Third Circuit.
June 5, 2002.
Fred A. Pharis, Pharis Law Offices, Alexandria, LA, for Thomas R. Howell.
Walter K. Jamison, III, Marjorie B. Breaux, Lafayette, LA, for Cappaert Manufactured Housing, Inc.
*462 S. Aaron Siebeneicher, Johnson & Siebeneicher, Alexandria, LA, for Ed's Mobile Homes, Inc.
Court composed of NED E. DOUCET, JR., Chief Judge, and JOHN D. SAUNDERS and OSWALD A. DECUIR, Judges.
DECUIR, Judge.
Thomas R. Howell sued Ed's Mobile Homes, Inc. and Cappaert Manufactured Housing, Inc. for redhibitory defects in a new mobile home sold by Ed's and manufactured by Cappaert. Both defendants filed exceptions of prematurity alleging that a binding arbitration agreement entered into and signed by all parties precludes the plaintiff's judicial action. Howell then amended his petition to assert claims under the Magnuson-Moss Warranty Improvement Act, 15 U.S.C. § 2301 et seq., which he contends prohibits binding arbitration of certain warranty claims. The trial court determined that the binding arbitration agreement at issue is not contrary to law and is enforceable. The court granted the defendants' exception of prematurity, and Howell filed a writ application seeking review by this court. We granted the writ for consideration of the merits.
At the time of Howell's purchase of the new mobile home from Ed's, Howell signed a "Binding Arbitration Agreement," which document was also signed by representatives from both Ed's and Cappaert. He also signed a "Retail Installment Contract" which provided for arbitration, judicial reference, or trial by judge, depending on the circumstances of the claim. Additionally, Howell was given a homeowners manual, which included a copy of the Binding Arbitration Agreement, and a one year express warranty requiring binding arbitration for the resolution of all disputes.
The parties present to the court in this writ application the narrow question of whether the Magnuson-Moss Act prohibits binding arbitration agreements pertaining to claims arising from a written warranty granted to a consumer at the time of purchase. Howell argues that the Binding Arbitration Agreement should be declared void and unenforceable as to all claims asserted in the petition. However, he argues in the alternative that we should sever the Magnuson-Moss claims and allow those to proceed to resolution in state court, while the other asserted claims can be stayed for purposes of arbitration.
In 1925, Congress enacted the Federal Arbitration Act, 9 U.S.C. § 2, which provides that arbitration agreements in transactions involving commerce "shall be valid, irrevocable, and enforceable," and are generally favored in the law. Nonetheless, in subsequent congressional acts, Congress has evidenced an intent to "preclude a waiver of judicial remedies" for certain statutory rights. Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987). The McMahon case requires courts to consider three factors in determining whether Congress intended to exclude a particular statutory claim from the mandate of the Federal Arbitration Act: the text of the statute, its legislative history, and whether there is "an inherent conflict between arbitration and the statute's underlying purposes." 482 U.S. 220, 227, 107 S.Ct. 2332, 96 L.Ed.2d 185.
The Magnuson-Moss Act was passed in 1975 and applies to written consumer product warranties. It creates a federal cause of action for breach of warranty claims. The Act sets forth requirements regarding disclosures, duties, and remedies associated with warranties; it does not, however, by its terms, specifically prohibit the enforcement of binding arbitration *463 agreements for the resolution of warranty claims. The Act, at 15 U.S.C. § 2310(a) and (d), provides, in pertinent part:
(a) Informal dispute settlement procedures; establishment; rules setting forth minimum requirements; effect of compliance by warrantor; review of informal procedures or implementation by Commission; application to existing informal procedures
(1) Congress hereby declares it to be its policy to encourage warrantors to establish procedures whereby consumer disputes are fairly and expeditiously settled through informal dispute settlement mechanisms.
(2) The Commission shall prescribe rules setting forth minimum requirements for any informal dispute settlement procedure which is incorporated into the terms of a written warranty to which any provision of this chapter applies. Such rules shall provide for participation in such procedure by independent or government entities.
(3) One or more warrantors may establish an informal dispute settlement procedure which meets the requirements of the Commission's rules under paragraph (2). If
(A) a warrantor establishes such a procedure,
(B) such procedure, and its implementation, meet the requirement of such rules, and
(C) he incorporates in a written warranty a requirement that the consumer resort to such procedure before pursuing any legal remedy under this section respecting such warranty, then
(i) the consumer may not commence a civil action (other than a class action) under subsection (d) of this section unless he initially resorts to such procedure; ...
(d) Civil action by consumer for damages, etc.; jurisdiction; recovery of costs and expenses; cognizable claims
(1) Subject to subsections (a)(3) and (e) of this section, a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief
(A) in any court of competent jurisdiction in any State or the District of Columbia; or
(B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection.
(2) If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate.
The United States Supreme Court has not ruled on the question of whether the Magnuson-Moss Act constitutes an exception to the pro-arbitration language of the Federal Arbitration Act. Likewise, we know of no Louisiana court, state or federal, which has addressed the issue. It appears to be one of first impression in this jurisdiction.
*464 The parties have located cases from around the country which have decided the issue contrarily. Howell cites several cases which hold that Magnuson-Moss prohibits restrictions on the judicial forum: Yeomans v. Homes of Legend, Inc., 2001 WL 237313 (M.D.Ala., 2001); Pitchford v. Oakwood Mobile Homes, Inc., 124 F.Supp.2d 958 (W.D.Va., 2000); Raesly v. Grand Housing, Inc., 105 F.Supp.2d 562 (S.D.Miss.2000); Wilson v. Waverlee Homes, Inc., 954 F.Supp. 1530 (M.D.Ala.), affirmed, 127 F.3d 40 (11th Cir.1997); Philyaw v. Platinum Enterprises, Inc., 2001 WL 112107 (Va.Cir.Ct., 1/9/2001)(No. CL00-236).
Conversely, Ed's and Cappaert cite cases which conclude that Magnuson-Moss does not prohibit binding arbitration: Richardson v. Palm Harbor Homes, 254 F.3d 1321 (11th Cir.2001); Cunningham v. Fleetwood Homes of Georgia, Inc., 253 F.3d 611 (11th Cir.2001); Adkins v. Palm Harbor Homes, Inc., 157 F.Supp.2d 1256 (M.D.Ala.2001); In Re American Homestar of Lancaster, Inc. and Nationwide Housing Systems, Inc., 50 S.W.3d 480 (Tex.1/10/01)(No. 00-0722); Southern Energy Homes, Inc. v. Ard, 772 So.2d 1131 (Ala.6/2/2000)(No. 1971998).
In Richardson, the 11th Circuit held that a state law oral express warranty claim can be subject to binding arbitration under the Federal Arbitration Act and is a claim not encompassed by the Magnuson-Moss Act. In both Cunningham and Adkins, the courts concluded that the failure to include in a written warranty all relevant terms of the warranty is violative of the purpose, text, and legislative history of the Magnuson-Moss Act, which requires clear and concise warranties that are provided to consumers. Neither court, however, specifically decided the issue of whether the warrantor could have properly included binding arbitration provisions in the warranty itself.
Ed's and Cappaert suggest to the court that Magnuson-Moss addresses only informal dispute resolution procedures, and requires that those be non-binding, because informal procedures are unregulated and potentially abusive; hence, they can be both subject to partiality and unfair. Conversely, binding arbitration which is governed by federal regulations is formal, strives to insure impartiality, and alleviates abuse. In support of their position, the defendants also cite § 2311(b)(1) of the Act, which states, "Nothing in this chapter shall invalidate or restrict any right or remedy of any consumer under State law or any other Federal law."
In advocating the prohibition of binding arbitration agreements, Howell relies primarily on the fact that the Federal Trade Commission, in promulgating rules and regulations pursuant to the Magnuson-Moss Act, determined that Congress intended to exclude Magnuson-Moss claims from the purview of the Federal Arbitration Act. See 16 C.F.R. § 703.5(j); Pitchford.
After considering the language of the federal statute at issue before us, and the jurisprudence interpreting same, we conclude that Magnuson-Moss does not preclude binding arbitration of the express warranty claims asserted by Howell herein. The language of the Act clearly does not prohibit the arbitration agreement signed by Howell and the defendants. There is no dispositive legislative history on the subject, and there is no conflict between arbitration and the stated purposes of the Act, i.e., "to improve adequacy of information available to consumers, prevent deception, and improve competition in the marketing of consumer products." 15 U.S.C. § 2302(a). The burden of proof *465 required of Howell by the language of McMahon has not been met.
The Federal Trade Commission regulations notwithstanding, we hold that the Magnuson-Moss Act does not vitiate the Binding Arbitration Agreement entered into by Howell, Ed's, and Cappaert. The statute merely gives the warrantor an option to include informal dispute resolution procedures in the warranty, which Ed's and Cappaert chose not to do. The Act does not address other means of settling disputes, such as binding arbitration agreements.
Additionally, we find no merit to the contention that the Binding Arbitration Agreement contravenes Louisiana law.
Therefore, we find no error in the trial court's decision to maintain the defendants' exception of prematurity. The plaintiff's writ application is hereby denied, at plaintiff's cost.
WRIT DENIED.
SAUNDERS, J., dissents and assigns reasons.
SAUNDERS, J. dissenting.
This case involves the issue of whether the Magnuson-Moss Act constitutes an exception to the Federal Arbitration Act. Citing various jurisprudence including Richardson v. Palm Harbor Homes and Adkins v. Palm Harbor Homes, the majority concludes that the Magnuson-Moss Act does not prohibit binding arbitration.
For the reasons stated in Parkerson v. Smith, 00-0549 (Miss.3/7/02); 817 So.2d 529; Yeomans v. Homes of Legend, Inc., 2001 WL 237313 (M.D.Ala.2001); Pitchford v. Oakwood Mobile Homes, Inc., 124 F.Supp.2d 958 (W.D.Va.2000); Raesly v. Grand Housing, Inc., 105 F.Supp.2d 562 (S.D.Miss.2000); Wilson v. Waverlee Homes, Inc., 954 F.Supp. 1530 (M.D.Ala. 1997); Philyaw v. Platinum Enterprises, Inc., 2001 WL 112107 (Va.Cir.Ct., 1/9/2001), I find that the language of the statute and the legislative history indicates an intent to preserve the right of any consumer to bring a lawsuit for breach of written or implied warranty. Accordingly, I respectfully dissent from the decision reached by the majority.